Argued October 10, reversed and remanded December 14, 1972

BLEDSOE, *Appellant, v.* VAUGHAN, *Respondent.*

504 P2d 120

*Leslie M. Swanson, Jr.,* Eugene, argued the cause for appellant. With him on the briefs were Johnson, Johnson & Harrang, Eugene.

*John C. Sihler,* Eugene, argued the cause for respondent. With him on the brief were Thwing, Atherly & Butler, Eugene.

HOLMAN, J.

Plaintiff brought an action for damages resulting from personal injuries suffered in a collision between a motorcycle, upon which plaintiff was a passenger, and defendant's automobile. She appeals from a judgment for defendant which was entered pursuant to a jury verdict.

The collision occurred at the intersection of Highway 126 and Quince Street at the east edge of the city of Florence. The motorcycle was traveling eastward on Highway 126 and was leaving Florence for Eugene. Defendant was traveling south on Quince Street. Highway 126, an arterial highway, is protected by stop signs which require traffic on Quince Street to stop prior to entering the intersection. To the west of its intersection with Quince Street, Highway 126

is a four-lane highway; to the east, a two-lane highway. The accident occurred on the day of the Rhododendron Festival in Florence, and traffic was congested as it came into the city from the direction of Eugene.

Defendant stopped his vehicle at the stop sign on the north side of Highway 126. He remained at the stop sign several minutes while seeking an opening in the single lane of traffic moving west which would permit him to cross the highway. The vehicles in this line of traffic were backed up so that both westward lanes to defendant's right were occupied with vehicles stopping and slowly going ahead.

As an opening presented itself in the almost solid line of traffic going into Florence, defendant started to cross the intersection. About the same time, two pickup campers which had been sitting on Quince Street at the stop sign on the south side of Highway 126, across from defendant, also entered the intersection and turned left to the west in front of defendant. The first camper was successful in making the turn into the inside lane of westerly traffic, but immediately had to stop. This left no room for the second camper, which was closely following the first one, to clear the intersection, and it had to stop diagonally across defendant's southbound lane of travel. Defendant therefore had to stop with the front of his vehicle at about the middle of the intersection and he remained there several minutes until the second camper was able to complete its left-hand turn into the inside lane of the westward stream of traffic.

Defendant then continued across the southerly half of Highway 126. While he was doing so, his vehicle was hit in the middle of its right side by the

motorcycle which was traveling in an easterly direction toward Eugene on Highway 126.

The manner in which both the defendant and the plaintiff's host operated their vehicles is in dispute. All the assignments of error revolve around the law of right-of-way as it was given to the jury by the trial judge. The first assignment addresses itself to the propriety of the trial judge's instruction to the effect that defendant had the right-of-way.

ORS 483.204(2) requires a driver who is facing a stop sign to stop in obedience thereto. ORS 483.202(4), pertaining to right-of-way, reads as follows:

> "(4) The driver of any vehicle who has stopped or who has yielded the right of way as required by an official traffic sign at the entrance to a through highway shall yield to the other vehicles within the intersection or approaching so closely on the through highway as to constitute an immediate hazard. Having so yielded, such driver may proceed, and other vehicles approaching the intersection on the through highway shall yield to the vehicle so proceeding into or across the through highway."

The defendant remained in the middle of the intersection for such a great length of time that the motorcycle was not even in the vicinity and could not have been an immediate hazard at the time defendant made his original entry. Therefore, the trial judge thought the statute required his instruction that defendant had the right-of-way.

The instruction was error. The statute applies to the movement of vehicles *at the time* a vehicle at a stop sign enters an intersection.[1] Despite defend-

[1] Hermann v. Wohlers, 244 Or 441, 446, 419 P2d 45 (1966).

ant's contention that the statute is applicable and gives defendant at least a qualified right-of-way at the time of the accident, the statute is not applicable to the movement of vehicles after a vehicle which enters an intersection through a stop sign has remained in the middle of an intersection for some minutes. The legislature could not have reasonably intended such an application.

In the absence of a specific statute which is applicable to a given situation, it is usual to apply the rule of the reasonably prudent driver under the same or similar circumstance. This is the rule the trial judge should have applied rather than the standard right-of-way statute which is applicable at the time of the initially disfavored vehicle's original entry through the stop sign.

Defendant urges that the reasonable-man standard was, in fact, given to the jury since, in addition to instructing that defendant had the right-of-way, the trial judge instructed that:

> "The right of way conferred by the statute is not absolute nor is it exclusive nor one which may be exercised without due regard to the surrounding condition and safety and rights of others. Its exercise at all times should be reasonable and not arbitrary; and whenever danger to others may be reasonably anticipated from its exercise, due care and caution should be observed to prevent such injury."

Also, defendant argues that even if the giving of the right-of-way instruction was error, it was not prejudicial because the qualifying instruction which is quoted above was sufficient to take the sting out of the former, and that the real issue was who was telling

the truth about the manner in which the vehicles were operated.

■ The trial court's instruction concerning right-of-way, in addition to quoting the statute, was as follows:

"Now, in this case the statute, which I have just read to you, applies and the evidence presented by both the plaintiff, Miss Bledsoe, and the defendant shows that the defendant, Mr. Vaughan, had entered the intersection substantially before Mr. Schmidt approached the intersection; therefore, the Schmidt motorcycle did not constitute an immediate hazard to Mr. Vaughan. Therefore, under the above statute, Mr. Vaughan, the defendant, was entitled to the right-of-way over the Schmidt motorcycle."

Such an instruction was entirely irrelevant, undoubtedly damaging, and probably controlling in the jury's decision. The error was not corrected or rendered innocuous by the qualifying instruction concerning due care. The due care instruction was given in the context that defendant had the right-of-way when he crossed the southern half of Highway 126.

Because of the manner in which we have disposed of this assignment of error, it is unnecessary to consider the other assignments. The judgment of the trial court is reversed and the case is remanded for a new trial.